**Hortensia de ALLENDE, et al., Plaintiffs,**

v.

**George P. SHULTZ, et al., Defendants.**

**Civ. A. No. 83–3984–C.**

United States District Court, D. Massachusetts.

Dec. 31, 1985.

Rabinowitz, Boudin, Standard Krinsky & Lieberman, Leonard B. Boudin, New York City, Allan R. Rosenberg, Putnam, Bell & Russell, Boston, Mass., for plaintiffs.

William P. Joyce, Asst. U.S. Atty., Boston, Mass., Robert L. Bombaugh, Thomas W. Hussey, David V. Bernal, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is an action for declaratory and injunctive relief in which the plaintiffs challenge the defendants' refusal to grant a temporary visa to Hortensia de Allende,

wife of the slain Chilean President, Salvatore Allende. The case is now before the Court on the defendants' motion to dismiss for mootness. For the reasons stated below, the defendants' motion should be denied.

The following facts of record are taken as true for purposes of this ruling. The plaintiffs are Hortensia de Allende, various professors at institutions of higher learning in the Boston area,[1] The Boston Area Council on Latin America, a non-profit voluntary association concerned with civil liberties in Latin America and relations between the United States and Latin American countries, and the Northern California Ecumenical Council, a council of eighteen Protestant denominational bodies serving Northern California. The defendants are George P. Schultz, Secretary of State of the United States, William French Smith, Attorney General of the United States, and Alan C. Nelson, Commissioner of the Immigration and Naturalization Service of the United States. Each of the defendants is being sued in his official capacity.

In January of 1983 plaintiff Northern California Ecumenical Council invited Mrs. Allende to visit San Francisco in March of 1983 to celebrate International Women's Week. Following this invitation, Mrs. Allende received formal invitations to speak to and meet with other groups and institutions, including the Committee on Social Justice of the Roman Catholic Archdiocese of San Francisco and Stanford University. The subjects upon which Mrs. Allende intended to speak included human rights in Chile and the plight of women living in exile from Chile.

In February of 1983, after receiving these invitations, Mrs. Allende applied to the United States Embassy in Mexico City for an entry visa. On March 3, Mrs. Allende's application for a visa was denied on the basis of § 212(a)(27) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(27).

Section 212(a)(27) provides, in pertinent part:

(a) Except as otherwise, provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission to the United States: ....

(27) Aliens who the consular officer or the Attorney General knows or has reason to believe seek to enter the United States ... to engage in activities which would be prejudicial to the public interest ...

In August of 1983 plaintiff John Womack, Jr., on behalf of plaintiff Boston Area Council on Latin America, whose official representatives included plaintiffs Womack, Kennedy, and Smith, invited Mrs. Allende to appear in Boston to discuss the current situation in Chile and the United States' involvement in Latin American affairs. She accepted the invitation. The local plaintiffs planned to arrange a speaking engagement for Mrs. Allende in the Boston area which would be open to scholars and students of Latin America as well as the public. In addition, these plaintiffs contemplated a smaller group meeting between Mrs. Allende and interested scholars.

The plaintiffs seek a declaratory ruling that the defendants' refusal to grant Mrs. Allende an entry visa in 1983 was not authorized by Section (a)(27) of the Act. In the alternative, the plaintiffs seek a declaration that if Section (a)(27) is construed to authorize the defendants' refusal to grant Mrs. Allende an entry visa, then Section (a)(27) violates the free speech, associational, and religious guarantees of the First Amendment and infringes upon the liberties guaranteed by the due process clause of the First Amendment. In a memorandum and order, dated April 1, 1985, 605 F.Supp. 1220 (1985), this Court denied the defendants' motion to dismiss or, in the

---

1. John Womack, Jr., the head of the Department of History at Harvard University; Duncan Kennedy, Professor of Law at Harvard Law School; Jack Spence, Professor of Political Science at the University of Massachusetts in Boston; Brian Smith, Professor of Political Science at the Massachusetts Institute of Technology. Each of these professors is a citizen of the United States, resident in, and a citizen of the State of Massachusetts.

alternative, for summary judgment and ruled that this Court does have subject matter jurisdiction to entertain this action, and that the plaintiffs have standing to bring it. In ruling that the plaintiffs have standing to bring this action, I relied upon the Supreme Court's explicit recognition in *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972), that First Amendment rights are implicated in the Government's refusal to grant a visa to an alien with whom American citizens wish to speak.

In the April 1985 decision, this Court also rejected the defendants' contention that they had presented legally adequate reasons for the Government's refusal to grant Mrs. Allende a visa. The defendants proferred two reasons for the denial of Mrs. Allende's visa application pursuant to Section (a)(27): (1) that Mrs. Allende is a member of two organizations affiliated with the Communist Party of the Soviet Union, and (2) that the Government determined that her admission to the United States "for the purpose and during the period specified in the application would have been prejudicial to the conduct of the foreign affairs of the United States." For reasons not relevant to this decision, I ruled that Mrs. Allende's membership in organizations affiliated with the Communist Party of the Soviet Union was not a ground for exclusion of Mrs. Allende under Section (a)(27) and that the Government's claim that Mrs. Allende was excluded because her activities would be prejudicial to the public interest was conclusory and, therefore, an inadequate reason for exclusion. Although this Court acknowledged its limited authority to review the Executive branch's decision to exclude an alien pursuant to Section (a)(27), it ruled that the Government must provide some factual basis for its conclusion that the excluded alien's activities would be prejudicial to the public interest.

On September 5, 1985 Mrs. Allende again submitted an application for a nonimmigrant visa to the United States consular officers in Mexico City. She sought a "multiple entry" visa for the purpose of attending and giving lectures for an eigh-

teen day period beginning December 2, 1985 and for further visits to the United States in 1986. The consular officers in Mexico City informed Mrs. Allende that a visa would be issued for her December trip only. The defendants now argue that because that single entry visa has been granted, this case is moot.

The test, broadly stated, whether a case presents an actual controversy within the meaning of the Declaratory Judgment Act is whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975), citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). The defendants do not dispute that an actual controversy existed prior to the Government's granting of a single entry visa to Mrs. Allende for December 1985. The defendants' position is that because the Government granted the December 1985 visa, this case is moot.

In *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) the Supreme Court said that a court's

jurisdiction, properly acquired, may abate if the case becomes moot because

(1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, [citation omitted], and

(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. [citations omitted].

When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

The Supreme Court in *Davis* also emphasized that "[t]he burden of demonstrating mootness 'is a heavy one' [citation omitted]." *Id.*

The nature of the plaintiffs' action and the relief sought are important to the mootness issue. The plaintiffs, contrary to the defendants' contentions, are not merely seeking an order compelling the defendants to grant Mrs. Allende the visa that was denied her on March 3, 1983; rather, they are seeking a declaration that the defendants' policy of applying Section (a)(27) to any past or future visa applications by Mrs. Allende in the manner which they applied Section (a)(27) to her 1983 application is unlawful. Therefore, it is the defendants' *policy* of applying Section (a)(27) to Mrs. Allende that plaintiffs contend is illegal, not just the defendants' isolated denial of Mrs. Allende's 1983 visa application. The plaintiffs' position is that the defendants cannot deny Mrs. Allende a visa while giving as the only reason for the denial that Mrs. Allende's activities would be, in the words of Section (a)(27), "prejudicial to the public interest." The plaintiffs argue that the defendants' real reason for denying Mrs. Allende a visa was that she continues to be critical of the Administration's Latin American policies.

I rule that the defendants have failed to carry their heavy burden with respect to the first criteria of the *Davis* test; it cannot be said with assurance that there is no reasonable expectation that the Government will not apply Section (a)(27) to Mrs. Allende in the future in the same way that it did in 1983. The defendants have maintained throughout the course of this litigation that the Government's application of Section (a)(27) to Mrs. Allende and its subsequent exclusion of her without providing a "facially legitimate and bona fide" reason, *Kleindienst v. Mandel,* 408 U.S. 753, 770, 92 S.Ct. 2576, 2585, 33 L.Ed.2d 683 (1972), was proper. If Mrs. Allende applies for another visa in the spring of 1986, which the record reveals to be her present intention, there is a reasonable expectation that the Government will again exclude her on the basis of Section (a)(27) without proferring a "legitimate and bona fide" reason.

Further support for the plaintiffs' position that this case is not moot is found in a case involving strikingly similar facts de-

cided by the Supreme Court in 1974, five years before the *Davis* decision. In *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), employers of workers on strike challenged the state policy which made strikers eligible for public assistance through state welfare programs. The action, which sought injunctive and declaratory relief, was initiated during a strike against the employers. Before the case was tried, the labor dispute was settled and the strike ended. Nonetheless, the Supreme Court held that the case was not moot. The Court recognized that the state policy of providing benefits to striking workers "by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests" of the employers. *Super Tire Engineering Co.,* 416 U.S. at 122, 94 S.Ct. at 1698.

In *Super Tire Engineering Co.,* it was the state policy to provide benefits adversely affecting the rights of the employers which prompted the Court to hold that the case was not moot. Here, it is the policy of the defendants to apply Section (a)(27) to Mrs. Allende which is challenged by the plaintiffs. That policy immediately and directly affects the plaintiffs' rights and interests because its existence directly affects the plaintiffs' ability to plan and ultimately engage in activities protected by the First Amendment.

Even if the Government's grant of a limited visa to Mrs. Allende for December of 1985 has eliminated the existence of an actual controversy for that period, this case nonetheless presents an issue "capable of repetition, yet evading review." *Gomes v. Rhode Island Interscholastic League,* 604 F.2d 733, 736 (1st Cir.1979). To show that a case presents the type of issue which is "capable of repetition, yet evading review," it is "sufficient ... that the litigant show the existence of an immediate and definite governmental action or policy that has adversely affected and continues to affect a present interest." *Super Tire Engineering Co.,* 416 U.S. at 125–126, 94 S.Ct. at 1699–1700.

The Court has said that the "important ingredient" in cases containing issues "capable of repetition, yet evading review" is "governmental action directly affecting, and continuing to affect, the behavior of citizens in our society." *Super Tire Engineering Co.*, 416 U.S. at 126, 94 S.Ct. at 1700. The plaintiffs have alleged the existence of a "governmental action or policy" which they maintain unlawfully and adversely affected their First Amendment right to hear Mrs. Allende speak and to meet with her in 1983 and which presently affects their ability to schedule lectures and conferences for the near future.

In *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (*per curiam*), the Supreme Court said that in the absence of a class action, the capable of repetition, yet evading review doctrine is limited to situations where two elements combine: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." The second element is clearly satisfied in this case. The defendants have not retreated from their position that their exclusion of Mrs. Allende under Section (a)(27) in 1983 was lawful and that they are under no obligation to give, in support of the exclusion, more than a conclusory statement that Mrs. Allende's activities would have been "prejudicial to the public interest." It is reasonable, therefore, to expect that Mrs. Allende will be subjected to the same action again when next she applies for a visa.

I also rule that the first criteria of the *Weinstein* test is satisfied in this case. The defendants' position is that this case is moot because Mrs. Allende has been granted a single entry visa. The defendants also maintain that absent a current visa application, the plaintiffs' claims are not justiciable. If that is so, the defendants could continuously evade review of the plaintiffs' claims by partially or wholly granting visas to Mrs. Allende whenever the plaintiffs bring an action. The defendants would in that way be able to frustrate the plaintiffs'

exercise of their First Amendment rights while evading the Court's review. Such a result is the type of result that the "capable of repetition, yet evading review doctrine" was intended to prevent.

Order accordingly.